IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-00261-RN

**Teresa Oxendine Bell**,

         Plaintiff,

v.

**Carolyn Colvin**, Acting Commissioner of Social Security,

         Defendant.

**Memorandum & Order**

This matter is before the court on the parties' cross-Motions for Judgment on the Pleadings [D.E. 42, 45].[1] The time for filing any responses or replies has expired and the motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(c), the parties have consented to jurisdiction by a United States Magistrate Judge for all proceedings, including final judgment. For the following reasons, it is ORDERED that Plaintiff's Motion for Judgment on the Pleadings [D.E. 42] is DENIED, that the Defendant's Motion for Judgment on the Pleadings [D.E. 45] is GRANTED and that the Commissioner's decision is AFFIRMED.

**I. BACKGROUND**

Plaintiff filed an application for disability insurance benefits and supplemental security income on June 8, 2010, alleging a disability beginning on March 31, 2003. The claim was denied initially and upon reconsideration. A hearing was held on September 25, 2012 and, in a decision dated October 10, 2012, the ALJ denied Plaintiff's application. (Tr. at 9–17.) The ALJ found that Plaintiff had the following severe impairments: obesity; mild degenerative disc

---

[1] Plaintiff's brief in support of her motion for judgment on the pleadings contains a plethora of spelling, grammatical and syntax errors. Counsel is notified that future submissions demonstrating a similar lack of attention or review may be stricken.

disease of the cervical spine; asthma; and chronic obstructive pulmonary disease. (*Id*. at 11.) The ALJ also found that her impairments, alone or in combination, did not meet or equal a Listing impairment. (*Id.* at 13.) The ALJ determined that Plaintiff had the RFC to perform medium work with the following limitations: she can generally lift/carry 50 pounds occasionally and 25 pounds frequently; can occasionally climb ladders and stairs; must avoid concentrated exposure to workplace hazards; and she must avoid moderate exposure to pulmonary irritants. (*Id.*) The ALJ determined that Plaintiff was capable of performing her past relevant work as a substitute teacher and tutor. (*Id.* at 16.) Thus, the ALJ found that Plaintiff was not disabled. (*Id*. at 17.)

After unsuccessfully seeking review by the Appeals Council, Plaintiff commenced this action and filed a complaint pursuant to 42 U.S.C. § 405(g) on December 9, 2013. [D.E. 3].

## II. STANDARD OF REVIEW

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chafer*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the

claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

**III. ANALYSIS**

*A. Weight of evidence*

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence, and that he failed to afford more weight to the opinions of her treating and examining physicians. Plaintiff also argues that the ALJ weighed the medical opinion evidence in conclusory fashion. More specifically, Plaintiff contends that the ALJ failed to assign any weight to statements from her providers, that he erred in relying on the assessment of Dr. Huffman-Zechman and that he failed to identify any evidence contrary to the findings of her treating providers.

Under the Treating Physician Rule, the Commissioner generally gives more weight and deference to the opinions of treating medical sources. 20 C.F.R. § 404.1527(c)(l)-(2). Significantly less weight is due, however, "if a physician's opinion is not supported by clinical

evidence or if it is inconsistent with other substantial evidence." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). If controlling weight is not assigned to a treating source's medical opinion, an ALJ must consider certain factors when deciding the weight to be assigned to any medical opinion. These include (1) examining relationship, (2) treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 1527(c). An ALJ is not bound by a provider's statements or opinions on the ultimate issue of disability since that is a matter reserved exclusively to the Commissioner. *Id.*

Plaintiff's argument that the ALJ erred in considering the statements from her providers at Southeastern Regional Hospital, Robeson Family Practice, and Duke University Hospital is unpersuasive. The ALJ clearly summarized the records submitted by these providers. (Tr. at 13–15.) Moreover, the requirement to weigh evidence under §404.1527(c) applies only to "[m]edical opinions [which] are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." *Id.* §§ 404.1527(a)(2), 416.927(a)(2). It is well-settled that a diagnosis alone is insufficient to prove disability, because there must also be "a showing of related functional loss." *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986). Here, in pointing to her treatment records, Plaintiff has failed to identify an assessment or limitation offered by her providers that was not considered by the ALJ. Accordingly, her assignment of error is unsupported.

Plaintiff also argues that the ALJ erred in giving significant weight to Dr. Huffman-Zechman's opinion. Plaintiff contends that this opinion deserved less weight because Dr. Huffman-Zechman was neither a treating nor an examining provider. Dr. Huffman-Zechman

opined that Plaintiff's asthma was complicated by her ongoing smoking but that the evidence supported a finding that she did not experience any significant airway disease. (Tr. at 15.) This opinion is supported by substantial evidence in the record. (Tr. at 248.) As noted by the ALJ, Plaintiff's treatment for her asthma and COPD was conservative. (Tr. at 15.) Moreover, despite being instructed to discontinue tobacco use, Plaintiff continued to smoke. (Tr. at 15; 95; 304; 312; 315–16; 320) Finally, her examinations were generally within normal limits. (Tr. at 388; 500; 502.) Accordingly, the ALJ did not err in considering Dr. Huffman-Zechman's opinion. Consequently, Plaintiff's argument on this issue lacks merit.

Finally, Plaintiff's argument that the ALJ failed to identify any evidence contrary to the statements of her treating providers is misplaced. As noted above, the treatment notes do not constitute medical opinions that the ALJ is required to weigh. Plaintiff has not identified the evidence she asserts is contrary to the ALJ's findings that was not considered. It is a claimant's responsibility to prove to the Commissioner that she is disabled, which she has failed to carry. 20 C.F.R. §§ 404.1512(a). Accordingly, this argument provides her with no relief.

*B. Hypothetical questions*

Plaintiff next asserts that the ALJ's hypothetical questions to the Vocational Expert ("VE") were flawed because they did not reflect all of her impairments but fails to identify which impairments were improperly excluded. She also contends that there is no evidence supporting a finding that she could perform work at the medium exertional level.

An ALJ is required only to "pose those [hypothetical questions] that are based on substantial evidence and accurately reflect the plaintiff's limitations ..." *France v. Apfel*, 87 F. Supp. 2d 484, 490 (D. Md. 2000). *See also Johnson v. Barnhart,* 434 F.3d 650, 659 (4th Cir. 2005) (a hypothetical question is unimpeachable if it adequately reflects an RFC for which the

ALJ had sufficient evidence). In order for a VE's opinion to be relevant or helpful, it must be based upon a consideration of all the other evidence on the record and must be in response to hypothetical questions which fairly set out all of a plaintiff's impairments. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). *See also Riley v. Chater*, 57 F.3d 1067, 1995 WL 361483, at *3 (4th Cir. June 16, 1995) (a VE's testimony, which was "based on hypothetical questions that did not encompass all relevant impairments, does not constitute substantial evidence to support the ALJ's decision"). Here, the hypothetical questions to the VE were based on a RFC determination that was supported by substantial evidence and that accurately reflected all of Plaintiff's limitations. When questioning the VE, the ALJ reflected all of the Plaintiff's impairments supported by the record. (Tr. at 56). The VE identified Plaintiff's past relevant work as a teacher and tutor as light, skilled work. Upon testimony from the VE, the ALJ concluded that these positions were consistent with Plaintiff's RFC.

In raising this argument, Plaintiff fails to identify specific limitations which she contends are established in the record and should be reflected in her RFC but were not included in hypothetical questions posed to the VE. As the ALJ properly determined Plaintiff's RFC in light of all the evidence, the hypothetical questions posed to the VE properly represented Plaintiff's abilities and limitations. Accordingly, there is substantial evidence to support a finding that the hypothetical questions posed to the VE properly accounted for all of Plaintiff's abilities and limitations.

*C. Evidence after date last insured*

Plaintiff's final argument is that the ALJ failed to give retrospective consideration to evidence after her date last insured ("DLI").[2] "To qualify for DIB, [Plaintiff] must prove that she became disabled prior to the expiration of her insured status." *Johnson v. Barnhart*, 434 F.3d

---

[2] The relevant time period for this disability application is March 9, 2006–March 31, 2008.

650, 655–56 (4th Cir. 2005). In other words, Plaintiff must establish that, prior to March 31, 2008, her date last insured, she could not perform substantial gainful activity. Here, Plaintiff contends that an April 6, 2011 report by state agency consultant Dr. Horne establishes that she is disabled. (Tr. at 88–89.) Dr. Horne concluded that Plaintiff met Listing 3.03B due to the number of asthma attacks and four hospitalizations for asthma and COPD exacerbation in the 24 days prior to June 28, 2010. (*Id.*) The ALJ noted this subsequent evidence in his decision. (Tr. at 13.) He concluded, however, that the evidence related to her condition outside of the applicable time period. (*Id.*). The ALJ further found that, for the applicable time period, Plaintiff did not meet or equal a listing under 3.00 (Respiratory System) because her pulmonary function test fell below the necessary threshold. (*Id.*)

In *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337 (4th Cir. 2012), the Fourth Circuit found that "an ALJ must give retrospective consideration to medical evidence created after a claimant's last insured date when such evidence may be 'reflective of a possible earlier and progressive degeneration.'" 699 F.3d at 345. Evidence post-dating the date last insured is relevant and can be considered where "that evidence permits an inference of linkage with the claimant's pre-DLI condition." *Id*. at 341–42.

In the present case, Plaintiff's asthma and COPD were well-established conditions and were found to be severe impairments. (Tr. at 11.) However, Dr. Horne's assessment was based on asthma attacks and hospitalizations that occurred in May, 2010, more than two years after her DLI. (Tr. at 13; 88.) Such evidence does not relate back to the relevant period at issue before the ALJ. As that court cannot make an inference of linkage with Plaintiff's condition during the relevant period, this evidence is not relevant to her present claim. Consequently, her argument on this issue is rejected.

7

Case 7:13-cv-00261-RN   Document 48   Filed 03/16/15   Page 7 of 8

## IV. CONCLUSION

For the aforementioned reasons, the Plaintiff's Motion for Judgment on the Pleadings [D.E. 42] is DENIED, that Defendant's Motion for Judgment on the Pleadings [D.E. 45] is GRANTED, and that the decision of the Commissioner is AFFIRMED.

Dated: March 16, 2015.

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE